557 So.2d 908 (1990)
ROBINSON & ST. JOHN ADVERTISING AND PUBLIC RELATIONS, INC., Appellant,
v.
Jan LANE, a/K/a Jan Lane Silcox, a/K/a Jan Silcox, Appellee.
No. 89-1141.
District Court of Appeal of Florida, First District.
March 5, 1990.
Thomas R. Ray of Caven, Clark & Ray, P.A. and Kimball K. Ross of Buck, Drew & Ross, P.A., Jacksonville, for appellant.
Janet H. Thurston of Cohen & Thurston, P.A., Jacksonville, for appellee.
BOOTH, Judge.
This cause is before us on appeal from a final judgment which absolved appellee from contract liability as an agent based on the corporate principal's compliance with the Florida Fictitious Name Statute, Section 865.09, Florida Statutes.
Appellant entered two contracts to serve as the advertising agency for Slender World. "Slender World" is a duly filed fictitious name registered, pursuant to Section 865.09, Florida Statutes, to Professional Management Training, Inc., a Florida corporation. The contracts were in the form of letters of agreement and were addressed to "Ms. Jan Lane Silcox, President, Slender World." Both contracts were signed by appellee without reference to title or reference to the fact that Slender *909 World was a fictitious name for Professional Management Training, Inc.
Appellant performed both contracts and filed an action for breach of contract against appellee based on an outstanding debt of $127,000. Appellee defended on the ground that she was merely the agent of Professional Management Training, Inc., a Florida corporation.
The trial court found appellee conducted herself in such a manner that she concealed the fact that she was president of, and agent for, Professional Management Training, Inc. The court found that at all times appellee held herself out and operated as an agent for Slender World. However, the trial court concluded that compliance with Florida's Fictitious Name Statute gave notice that "Slender World" was the registered fictitious name of Professional Management Training, Inc. and absolved appellee from any personal liability.
We reverse based on the common law principles of agency and a strict reading of Section 865.09, Florida Statutes (1985). As the Florida Supreme Court held in Carlile v. Game and Fresh Water Fish Commission, 354 So.2d 362, 364 (Fla. 1977), statutes in derogation of common law must be strictly construed. Courts will not infer that such a statute was intended to make any alteration other than was specified and plainly pronounced, and the statute will not be interpreted to displace the common law further than is necessary.
Section 865.09, Florida Statutes, provides, in pertinent part, as follows:
(3) It shall be unlawful for any person ... to engage in business as herein defined under a fictitious name as herein defined unless said fictitious name shall be registered with the clerk of the circuit court of the county where the principal place of business is... .
... .
(5)(a) The penalty for failure to comply with this section is that the business, the members of or those interested in doing business, shall not be permitted to maintain any action, suit, or proceeding in any court of this state until this section is complied with... .
Section 865.09 is designed to provide notice to the public, and especially to creditors, of the identities of persons who are doing business under fictitious names for the purpose of protecting creditors from fraud and deceit. See Jackson v. Jones, 423 So.2d 972 (Fla. 4th DCA 1982), review denied, 436 So.2d 99 (Fla. 1983); 1957 Op. Att'y Gen.Fla. 057-283 (September 17, 1957). The statute prohibits noncomplying parties from bringing any action, suit, or proceeding. However, neither the express language of the statute nor case law provide that contracting parties may use the statute as a shield against common law liability.
The same contention raised by appellee here was made and properly rejected in J & J Builders Supply v. Caffin, 248 Cal. App.2d 292, 56 Cal. Rptr. 365, 369 (Cal.2d DCA 1967), wherein the court held:
Adnuel's [principal's] filing a certificate stating that it was doing business under the fictitious name of Perry Masonry is immaterial. Adnuel's action is not a performance of Jeffrey's [agent's] duty to disclose the name of his principal. Constructive notice of the contents of Adnuel's certificate is not a substitute for actual notice of Jeffrey's and Adnuel's capacities in the transaction. Section 2466 of the Civil Code [fictitious name registration] is designed to make available to the public, and especially to creditors, the identities of persons who are doing business under fictitious names for the purpose of benefiting creditors; the purpose is not to estop creditors who do not rely on the public record nor to provide a shield to persons who do business under fictitious names against their creditors who do not avail themselves of the information contained in the records prescribed by section 2466 of the Civil Code.
Van D. Costas, Inc. v. Rosenberg, 432 So.2d 656 (Fla. 2d DCA 1983), an opinion by Judge Grimes, clearly sets forth the pertinent principles of agency and states the rule that an agent's representation that the agent is acting for a principal is not enough *910 to relieve the agent of liability absent notice of the principal's identity, holding (432 So.2d 658):
The extent to which an agent must make disclosure of his principal in order to avoid personal liability is explained in 3 Am.Jur.2d Agency § 320 (1962):
In order for an agent to avoid personal liability on a contract negotiated in his principal's behalf, he must disclose not only that he is an agent but also the identity of his principal, regardless of whether the third person might have known that the agent was acting in a representative capacity. It is not the third person's duty to seek out the identity of the principal; rather, the duty to disclose the identity of the principal is on the agent. The disclosure of an agency is not complete for the purpose of relieving the agent from personal liability unless it embraces the name of the principal; without that, the party dealing with the agent may understand that he intended to pledge his personal liability and responsibility in support of the contract and for its performance. Furthermore, the use of a tradename is not necessarily a sufficient disclosure of the identity of the principal and the fact of agency so as to protect the agent against personal liability. [emphasis added]
The court in the Rosenberg case further held that the mention of the trade name "Magic Moment Restaurant" in the contract there at issue did not give notice of the corporate principal, "Seascape Restaurants, Inc." The court held: "[I]t was not incumbent upon him [creditor/contractor] to ferret out the record ownership of the Magic Moment when he had every reason to believe that one of the owners was signing the contract." 432 So.2d at 659.
Likewise, in E.A. McQuade Travel Agency, Inc. v. Domeck, 190 So.2d 3 (Fla. 4th DCA 1966), the court held that the disclosure of a trade name is not sufficient notice of a principal and therefore is insufficient to relieve the agent of liability.
In the instant case, the trial court found appellee "conducted herself in such a manner that she concealed the fact that she was President of, and agent for, Professional Management Training, Inc." Appellee at all times held herself out as an agent for Slender World. Not only did appellee fail to affirmatively disclose the true principal, she concealed it. The disclosure of the trade name "Slender World" was insufficient notice of the principal's identity, and appellee is liable on the contracts entered into with appellant.
Accordingly, the trial court's order is reversed.
JOANOS and ALLEN, JJ., concur.